UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD DAVIDSON, WILBERT WIGGINS, GEORGE DOUGLAS, JR., CHARLES MAGEE, DARON THOMPSON, EUGENE SMITH, GEORGE RODGERS, and KENTON SMITH, <br><br>Plaintiffs, <br><br>vs. <br><br>CITIZENS GAS & COKE UTILITY, <br><br>Defendant. | ) ) ) ) ) ) CAUSE NO. ) ) ) 1:03-CV-1882SEB - VSS ) ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Come now the Plaintiffs Todd Davidson, Wilbert Wiggins, George Douglas, Jr., Charles Magee, Daron Thompson, Eugene Smith, George Rodgers and Kenton Smith (hereinafter "Plaintiffs"), by counsel, and file a Complaint against Defendant, Citizens Gas & Coke Utility (hereinafter "Defendant"). In support of said Complaint, Plaintiffs allege and state as follows:

### I. STATEMENT OF THE CASE

1. Plaintiffs bring this action against the Defendant for unlawful race discrimination in employment.

### II. PARTIES

2. Plaintiffs all currently work for Defendant. They are all African-American citizens of the United States who have resided and worked within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

3. Defendant is a corporation doing business in the Southern District of Indiana.

### III. JURISDICTION

4. Plaintiffs sue for racial discrimination in employment under the Equal Protection Clause of the United States Constitution, Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended. Jurisdiction is properly in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4).

5. At all times pertinent to this lawsuit, Defendant was an "employer" as defined by the relevant statute and case law and Plaintiffs are "employees" as defined by same.

### IV. FACTUAL ALLEGATIONS

6. Plaintiffs, all African-American males, became employed by Defendant in various positions at Defendant's Prospect Street plant in Indianapolis.

7. At all times, Plaintiffs met Defendant's legitimate job expectations.

8. The terms and conditions of Plaintiffs' employment are inferior to those of similarly situated employees who are not African-American, in that Plaintiffs and other African-American employees are not given equal opportunity for advancement.

9. Defendant implemented a "baseline test" as a prerequisite for certain higher paying or more desirable job classifications, beginning in 1987.

10. Over the years, Defendant has used the "baseline test" to discriminate against African-American employees in order to deny or limit their opportunities for promotion or higher paying jobs, especially those in the manufacturing and gas divisions.

11. The "baseline test" has a discriminatory impact on African-American employees, such as Plaintiffs, and has resulted in African-American employees being promoted at a lower rate than white employees of similar background and seniority.

12. Each Plaintiff has taken the "baseline test" and applied for promotions or higher paying jobs at least once within the last two years. On each occasion, each Plaintiff learned that the Defendant filled the position with a white employee with less seniority or experience.

13. Defendant used the "baseline test" sporadically, on some occasions requiring African-Americans to take the test, but not making the same requirement of white employees. In other instances, Defendant refused to allow African-American employees to take the "baseline test" at all.

14. Defendant designed and implemented the "baseline test" in such a way that discriminatorily impacts African-American employees.

15. Defendant's unlawful actions were willful, intentional, and done with reckless disregard of Plaintiffs' rights. Plaintiffs have been damaged by Defendant's unlawful actions.

16. Plaintiffs suffered emotional distress as a result of Defendant's unlawful acts.

17. Plaintiffs suffered economic damages as a result of Defendant's unlawful acts.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully pray for an award of:

a. Placement in the position, salary and seniority level Plaintiff would have enjoyed but for Defendants' unlawful employment actions, or front pay in lieu of placement;

b. All lost wages and benefits;

c. Compensatory damages;

d. Punitive damages;

e. Lost future earnings;

f. Payment of reasonable attorney fees and costs;

    g.    Prejudgment and postjudgment interest; and,

    h.    All other just and proper relief.

### DEMAND FOR TRIAL BY JURY

Come now the Plaintiffs, by counsel, and request a trial by jury on all issues deemed so triable.

Respectfully submitted:

_____
Amy Ficklin DeBrota (#17294-49)

**YOUNG RILEY DUDLEY & DeBROTA LLP**
3815 River Crossing Parkway
Suite 340
Indianapolis, Indiana 46240

(317) 848-7939
(317) 848-7831 Fax
E-Mail: debrota@yrddlaw.com

Attorneys for Plaintiff