UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TODD DAVIDSON, WILBERT WIGGINS, )
GEORGE DOUGLAS, JR.,CHARLES )
MAGEE, DARON THOMPSON, EUGENE )
SMITH, GEORGE RODGERS, KENTON )
SMITH, and JIMOTHY AMOS a/k/a )
TIMOTHY AMOS, on behalf of themselves and )
others similarly situated, )
       Plaintiffs, )      1:03-cv-1882-SEB-JPG
 )
vs. )
 )
CITIZENS GAS & COKE UTILITY,
       Defendant.

**ENTRY ON DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT,
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION,
AND DEFENDANT'S MOTION TO STAY**

      This case was originally filed on December 5, 2003 on behalf of eight African-American employees of the Defendant, Citizens Gas & Coke ("Citizens") who claimed they were required to take a written "base-line" test in connection with their efforts to gain promotions. Plaintiffs took and failed the exam but claim that the test was not validated, that it had a disparate impact on African-Americans in general and caused each of them, individually, to be disparately treated with respect to the promotions they sought but were unable to obtain. An Amended Complaint, filed on June 12, 2004, added class action allegations, seeking to have the original eight Plaintiffs serve as representatives of all employees who were required to take the exam in order to qualify for a promotion as well as all applicants who were required to take the exam to be hired. The

amended class action complaint asserted disparate treatment and disparate impact claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e .

In November of 2004, Citizens filed a motion for partial summary judgment.  It argued that because all the named Plaintiffs were current employees who had filed charges with the Equal Employment Opportunity Commission ("EEOC"), as required under the law, they could not appropriately represent a class that also contained applicants, none of whom filed charges with the EEOC.[1]  Citizens asked the court to find that Plaintiffs could not include in their class action any applicants.  Citizens also argued that Plaintiffs could not pursue a disparate impact claim, under 42 U.S.C. § 1981, citing *Franklin v. City of Evanston*, 384 F.3d 838, (7th Cir. 2004). Since the filing and briefing on the motion for partial summary judgment, a number of additional filings and decisions on other motions have left us with a relatively easy path to resolution of the motion.

First, in Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment, Plaintiffs admit that according to settled law 42 U.S.C. § 1981 does not give rise to a private right of action for disparate impact.  Therefore, Defendant's motion is unopposed with respect to that single issue.

However, the issue with respect to whether current employees can serve as proper representatives of a class which includes job applicants has been mooted by a subsequent

---

[1] While investigating the charges filed by the individual Plaintiffs, the EEOC expanded its investigation to include applicants, though no individual unsuccessful applicant ever filed charges with the agency.  Through the agency's conciliation process, a settlement was reached between Citizens and the unsuccessful applicants identified during that process.

amendment to the Complaint.  On September 22, 2005 Plaintiffs were granted leave to file a Second Amended Complaint.  The Second Amended Complaint adds an additional Plaintiff, Jimothy Amos, who claims to have applied for a position with Citizens in February 2004, but was not hired because he did not pass the "baseline test."  Indeed, Plaintiffs are currently seeking leave to again amend their complaint to include another additional plaintiff who also claims to have been denied employment after failing the baseline test in both 2002 and 2004.  Citizens has filed a notice that it intends to file a written objection to Plaintiffs' pursuit of this further amendment, which issue we will save for another day.  However, adding Mr. Amos as an applicant moots the remaining portion of Citizen's Motion for Partial Summary Judgment, since there is now an applicant in the group of Plaintiffs.

We reserve judgment of course until further briefing occurs on whether and how a class should be certified, lacking sufficient information to know whether the requirements of Fed. R. Civ. P. 23 have all been met.  Further, the terms of a settlement reached between Citizens and certain past job applicants who took the baseline test, that was facilitated by the EEOC, remain unknown, which will bear on the issue of class certification.  Plaintiffs' Motion to Certify was filed in December of 2004, well before the addition of the new Plaintiff and the request to include another.  The landscape has changed sufficiently that we must deny Plaintiffs' initial motion for certification while granting leave to re-file at a latter date to include any additional relevant information based on discovery.

Citizens has asked that the requirement that they answer or otherwise respond to the Second Amended Complaint be stayed until such time as a decision is made with respect to

Plaintiffs' request to file a Third Amended Complaint.  That motion is well taken and since Citizens has yet to file its objection to the request for further amendment, we will not require them to answer or respond until after we have a chance to rule on that request.

## CONCLUSION

For the reasons explained in this entry, Defendants' Motion For Partial Summary Judgment (Docket #47) is GRANTED IN PART and DENIED IN PART.  Judgment is granted in favor of Defendant on Plaintiffs claim of disparate impact under 42 U.S.C. § 1981; however, the motion is denied in all other respects.  Plaintiffs' Motion To Certify Class (Docket #66) is DENIED with leave to re-file for class certification following completion of further discovery, including that which has recently been compelled.  If and when class certification again sought, it will be sufficient for the parties to simply reference by docket entry or exhibit number any supporting or opposing materials previously submitted.  Finally, Defendant's Motion to Stay (Docket #244) is GRANTED and Citizens is allowed 30 days from entry of our decision on Plaintiffs' Motion For Leave To File A Third Amended Complaint to answer or otherwise respond.

IT IS SO ORDERED.

09/30/2005

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies To:

Wayne O. Adams III
ICE MILLER
wayne.adams@icemiller.com

Carolyn Ann Clay
PRICE WAICUKAUSKI RILEY & DEBROTA
cclay@price-law.com

Amy Ficklin DeBrota
PRICE WAICUKAUSKI RILEY & DEBROTA
adebrota@price-law.com

Steven F. Pockrass
ICE MILLER
pockrass@icemiller.com

William N. Riley
PRICE WAICUKAUSKI RILEY & DEBROTA
wriley@price-law.com