**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS  DIVISION**

| | | |
|---|---|---|
| **TODD DAVIDSON, WILBERT WIGGINS, GEORGE DOUGLAS, JR., CHARLES MAGEE, DARON THOMPSON, EUGENE SMITH, GEORGE RODGERS, and KENTON SMITH, on behalf of themselves and others similarly situated,** | ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **1:03-CV-1882-SEB-JPG** |
| **CITIZENS GAS & COKE UTILITY,** | ) ) | |
| **Defendant.** | ) ) | |

**ENTRY ON PENDING MOTIONS**

For a combination of reasons for which responsibility must be borne by counsel as well as the Court, this litigation has generated a backlog of seventeen motions which must now be attacked.  We have examined these pending motions, ruled on several and laid out in this order a plan for resolution of the remainder, including a schedule to bring final completion to this case.[1]

---

[1]Because there are ongoing discovery issues involving a non party, Personnel & Family Family Research Services, Inc., and its principal, Dr. Roland Guay, we are providing a copy of this entry to them as well.

1.   ***Status Conference***

Defendant has moved the Court to schedule a status conference, complaining of Plaintiffs' unceasing tactics aimed at prolonging discovery and expanding the scope of the case in total disregard of previously set deadlines. Defendant also complains of Plaintiffs' recent, untimely addition of an expert witness.  We concur in the perceived need for a status conference and have requested the Magistrate Judge to schedule such a session at the earliest practical time.  Accordingly, Defendant's Motion for Status Conference **(Docket #217)** is GRANTED, and a status conference shall occur before Magistrate Judge John Paul Godich on **Monday, November 21, 2005 at 2:00 p.m.** in Room #355, U.S. Courthouse, Indianapolis, Indiana.  The Magistrate Judge shall in the usual fashion report forthwith to the undersigned judge on the progress made and actions taken at the status conference, along with any recommendations for resolving any remaining substantive disputes as promptly as possible.

2.   ***Trial and Final Pretrial Conference Schedule***

Given the complications and protracted nature of this litigation to date, the current May 15, 2006 trial date appears unrealistic and that date is therefore rescinded.  Accordingly, **trial is hereby reset for July 31, 2006 at 9:30 a.m. and a final pretrial conference scheduled for July 18, 2006 at 3:00 p.m. in Room #216, before the undersigned judge.**  No changes will be

2

made with respect to this trial date absent truly exigent circumstances (i.e.,
health, death in family, births, etc.).

### 3.      *Class Certification & Discovery*

Plaintiffs' Motion for Class Certification was denied with leave to re-file
following additional discovery.  Plaintiffs seek by motion to have discovery
reopened **(Docket #249)**, apparently aimed at clarifying the number of
individuals who applied for employment with the Defendant (during the
relevant time period for purposes of the statute of limitations), the number of
those applicants who took the competency test and the number of those who
took the competency test but were not hired by Defendant and accepted a
settlement as a result of the EEOC conciliation process.  Plaintiffs' (various)
requests to amend the Complaint to add additional named Plaintiffs, which
motions the Court has granted, will no doubt spawn a need for additional
discovery specific to their claims.  Expert discovery has been difficult and
delayed and needs attention.  Fact discovery with respect to the competency
test and its author has also been disrupted and delayed, in part, as we
understand it, because of certain concerns imposed by the author of the test.
While the parties are entitled to a sufficient opportunity to develop the
necessary discovery, the remaining tasks should be narrowly drawn and
targeted to allow for the completion of process forthwith.

The docket reflects Defendant's longstanding Motion for Summary Judgment as well as motions filed by both parties that seek the Court's ruling as to the propriety of various submissions to the record on which a decision would be based.  In view of the Seventh Circuit's rulings which have made clear that only in unusual circumstances should summary judgment be resolved prior to ruling on class certification, we shall resolve the class certification issue before ruling on summary judgment.  *Chavez v. Illinois State Police*, 251 F.3d 612, 629-630 (7th Cir. 2001).  Therefore, Plaintiffs' Motion to Reopen Discovery **(Docket #249)** is GRANTED IN PART, but only through **December 30, 2005**, for the purpose of obtaining information and testimony related to class certification and the individual claims of the recently added Plaintiffs, Jimothy Amos and Sidney Williams.  All written discovery (requests for production and interrogatories directed to these issues) shall be served **no later than November 18, 2005** and responses shall be served **no later than December 23, 2005.**  Counsel should endeavor to promptly resolve, between themselves, any discovery disputes that arise, but if they are unable to do so, they should bring the disputes to the attention of the Magistrate Judge immediately by telephone conferencing, as opposed to written submissions, to allow a prompt resolution.

Plaintiffs shall file their amended motion for class certification **no later than January 5, 2006**.  Defendant's response shall be filed **no later than January 23, 2006**; Plaintiffs' reply, **no later than January 31, 2006**.  Since

4

prior briefing on the class certification motion is on file, no extensions of time for further briefing will be granted.  This process will be facilitated by referencing or re-designating supporting materials previously filed, avoiding unnecessary duplication of those submissions (the parties' references or citations to such previous submissions should be consistent with the references on the electronic docket).  Plaintiffs' Motion for Approval of Class Notice **(Docket #67)** which was filed as a part of their earlier class certification motion is therefore DENIED, with leave to re-file as part of the second motion for certification.  We expect to be able to rule on these motions promptly.

The parties are directed to confer in an effort to reach agreement, consistent with the schedule in this entry, on time limits for the completion of expert discovery and any additional discovery relating to the competency test. If an agreement cannot be reached, each party shall submit a proposed schedule for discussion and resolution at the **November 21, 2005** status conference before the Magistrate Judge.

**3.     *Dr. Roland Guay and Personnel & Family Research Services, Inc*.**

Dr. Guay and his company, Personnel & Family Research Services, Inc. are not parties to this litigation, but their interests effect, and to a certain extent have impeded the progress of discovery.  They are the targets of a pending Motion to Compel filed by Plaintiffs **(Docket #254)**.  We are informed that Dr. Guay (and his company) authored and own the competency test at

5

issue in this case and have raised numerous issues regarding confidentiality and costs and fees associated with document production and deposition testimony.  Unfortunately, rather than obtain legal representation or file the appropriate motions with the court, Dr. Guay has elected to correspond with the Court, specifically with Magistrate Judge Godich, sending unsolicited telefaxed letters seeking his assistance in resolving disputes Dr. Guay apparently has with Plaintiffs' counsel's attempt to obtain third party discovery as well as his deposition.  This approach is inappropriate; the Court acts on the basis of specific motions filed in a particular case.  Assuming Personnel & Family Research Services, Inc. is a registered corporation, entitled to all the benefits and protections of corporate law, it must be represented by an attorney and only by an attorney, in connection with any court proceedings. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003).

Since neither Dr. Guay nor his company are named parties in this litigation, the Court cannot compel their attendance at the **November 21, 2005** status conference.  However, an order can issue to compel a third party to produce documents in a particular manner and/or attend a deposition, and non-compliance can generate an order to compel.  For this reason, the Court is providing to Dr. Guay and his corporation a copy of this entry to encourage his participation in the status conference by telephone, in an effort to resolve the pending motion to compel filed by Plaintiff.  The corporation by counsel may

6

also attend in the same manner.[2]  The Court will not accept any further

unsolicited correspondence from Dr. Guay or his company.  We further

encourage Dr. Guay (or his company) to reconsider their decision not to obtain

legal representation.  At present, his status in this lawsuit is that of a fact

witness, not an expert witness, and in that context he is entitled only to the

fees and protections afforded fact witnesses by the Rules of Procedure.  He is

not entitled to payment of expert witness fees.  Steps to protect proprietary

information that may be disclosed in document production or deposition

testimony in connection with this case can be secured through a protective

order and violations of confidentiality restrictions are punishable under the

Court's contempt powers.


### 4.    *Summary Judgment*

As indicated above, Defendant's pending motion for summary judgment

is directed to the entirety of Plaintiffs' complaint **(Docket #122)**.  However, the

motion was filed prior to the addition of two named plaintiffs, who have been

described as applicants for employment, as opposed to employees of

Defendant.  These changes likely have sufficiently altered the posture of this

case so that Defendant's pending summary judgment no longer adequately

---

[2]If they choose to participate in the status conference on November 21, 2005 via telephone, Dr. Guay and/or counsel for Personnel & Research Services, Inc. should contact the chambers of Magistrate Judge John Paul Godich at 317-229-3630 to make appropriate arrangements.

addresses all the issues as currently framed.  In addition, other motions are
pending to supplement the record.  Assuming the requested supplementation
is permitted and thereafter occurs, the posture of the case will again be
effected.  Accordingly, Defendant should determine forthwith whether and to
what extent it may need to amend its motion for summary judgment to address
new legal issues.

Accordingly, Defendant shall inform the Court **by November 18, 2005**
whether an amended summary judgment will be submitted.  If it will, the Court
will deny as moot Defendant's pending motion for summary judgment as well
as all related motions and filings **(Docket #164, #175, #180, #192, #199,
#210 and #211)**, with leave to re-file the amended summary judgment motion
and related supporting materials by  March 8, 2006, or within 30 days after the
court's ruling on class certification, whichever is later.  Plaintiffs' responses to
the amended summary judgment motion shall be filed within 35 days and the
reply brief, within 17 days following the filing of the response.  Strict adherence
to these deadlines will be expected (and enforced) in order to permit sufficient
time for the Court to consider and rule on the amended summary judgment
motion in advance of the **July 31, 2006 trial date**.  We anticipate that these
matters will be discussed in detail **at the November 21, 2005 status
conference** with the Magistrate Judge and if recommendations are
forthcoming, the undersigned judge will of course give deferential regard to the
Magistrate Judge's views.

**5.    *Additional Pending Motions***

Plaintiffs' Motion to Consolidate **(Docket #168)** and Plaintiffs' Motion for Leave to Designate Additional Evidence in Support of Motion to Consolidate **(Docket #208)** are hereby DENIED in view of the recent addition of the named Plaintiff in this case.

Plaintiffs' Motion to Strike Defendant's Final Witness List **(Docket #196)** is also hereby DENIED.

Plaintiffs' Motion for Leave to File Second Amended Witness List and Amended Exhibit List **(Docket #222)** is hereby GRANTED.

The pending Motion to Compel has not yet been fully briefed **(Docket #251)**.  A schedule for the resolution of that motion should be established at the **November 21, 2005 status conference**.  If the Magistrate Judge is in a position to rule on the motion as well as the motion to compel discovery from Dr. Guay, he should do so and advise the Court in his report on the conference, along with all other recommendations.

**IT IS SO ORDERED.**

**Date:** _11/08/2005_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

**Wayne O. Adams, III**
ICE MILLER
wayne.adams@icemiller.com brenda.darnell@icemiller.com

**Carolyn Ann Clay**
PRICE WAICUKAUSKI RILEY & DEBROTA
cclay@price-law.com arochlin@sbcglobal.net

**Amy Ficklin DeBrota**
PRICE WAICUKAUSKI RILEY & DEBROTA
adebrota@price-law.com mdabio@price-law.com;lsmith@price-law.com

**Curtis W. McCauley**
ICE MILLER
mccauley@icemiller.com lantz@icemiller.com

**Steven F. Pockrass**
ICE MILLER
pockrass@icemiller.com mary.unger@icemiller.com

**William N. Riley**
PRICE WAICUKAUSKI RILEY & DEBROTA
wriley@price-law.com eamos@price-law.com

10