UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD DAVIDSON, WILBERT WIGGINS, GEORGE DOUGLAS, JR., CHARLES MAGEE, DARON THOMPSON, EUGENE SMITH, GEORGE RODGERS, and KENTON SMITH, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITIZENS GAS & COKE UTILITY,<br><br>        Defendant. | 1:03-CV-1882-SEB-JPG |

### ENTRY ON MOTION TO INTERVENE

This matter is before the court on a Motion for Leave to Intervene (**Document #344**), filed on behalf of six employees of the Defendant, Citizens Gas & Coke Utility ("Citizens").[1] The proposed intervenors argue that they

---

[1] In their reply brief, the putative intervening plaintiffs indicated that all but one are withdrawing their request to intervene. The sole individual still seeking to intervene, Michael Bralock, has submitted a new proposed complaint in intervention which, according to Bralock, parallels the claims of the current plaintiffs and does not expand those claims as did the proposed complaint in intervention originally filed with the Motion to Intervene. Our first reaction to this last minute change in both motion strategy and substance was not surprise; indeed it is entirely consistent with the way in which the case has been prosecuted from the start. Despite this well-engrained history of procedural abuses, our insistence that the appropriate rules be adhered to is not lessened: a reply brief is not the appropriate place to raise a new argument or to attempt to substantively modify the motion itself. *Cf. James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998). We therefore will not address this new proposal for intervention. That said, the

should be allowed to intervene of right, pursuant to Fed.R.Civ.P. 24(a)(2), or, in the alternative, that they should be allowed to intervene permissively under Fed.R.Civ.P. 24(b).  We find neither section of Rule 24 to apply and thus deny the motion.

*Permissive Intervention*

A request for permissive intervention under Fed.R.Civ.P. 24(b) is left to the discretion of the district court, which must look closely at among other things whether such intervention would unduly delay or prejudice the adjudication of the rights of the original parties.  *Heartwood, Inc. v. U.S. Forest Service, Inc.*, 316 F.3d 694, 701 (7th Cir. 2003).  In this case, the answer to that inquiry is an undeniable "yes" - the addition of more plaintiffs would clearly result in undue delay and prejudice.

This case has already consumed unjustified amounts of time in bringing it to a point of readiness for trial this coming summer.  Discovery has been tortuous and the class certification process similarly protracted and contentious.  Plaintiffs have been added and three amended complaints filed.  Each side has submitted a summary judgment motion which remain pending.  Allowing additional proposed plaintiffs to add their claims that clearly expand

---

reasoning laid out in this entry would, though to a lesser degree, nonetheless apply to a single intervening plaintiff as well.

the issues beyond an attack on the WCA would necessarily require another round of discovery, assuming those claims survived a motion to dismiss. The addition of six additional plaintiffs would undoubtedly require the trial date to be extended once again. The existing parties are clearly prejudiced by further delay in bringing their three-year-old litigation to a conclusion. Further delay in bringing this matter to trial would, from the view of the other parties, invite an abuse of discretion by the court, which, by denying this motion, we hope and expect to avoid.

### *Intervention of Right*

By exercising our discretion to deny permissive intervention, we do not avoid the need to examine as well whether, as a matter of law, the movants are entitled to intervene. Fed.R.Civ.P. 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As an initial matter, we do not view the putative intervenors' claims to come within the mandatory categories set out in this rule. Even if they did and despite the guarantee of the right to intervene under the specified circumstances (e.g. " . . . anyone shall be permitted . . ."), timeliness is still key.

"The purpose of the requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *U.S. v. South Bend Community School Corp.*, 710 F.2d 394, 396 (7th Cir. 1983). And, while the determination is made as a matter of law, in deciding a motion under Fed.R.Civ.P. 24(a) there is a degree of discretion permitted in assessing whether the motion has been filed so far into the case that it is prejudicially late. *Holland v. Sterling Enterprises, Inc.*, 777 F.2d 1288, 1293 (7th Cir. 1985). Here, we have no doubts that the putative intervenors' delayed request should defeat their effort, especially in view of the fact, as Citizens has demonstrated, that all the proposed intervenors have known of this litigation for at least several months, some for nearly a year.

The reasons cited above in our denial of permissive intervention apply equally here, with respect to the issue of timeliness. Further, the proposed intervenors have failed to demonstrate how the disposition of this case would foreclose their pursuit of their closely associated rights in an independent action. *Shea v. Angulo*, 19 F.3d 343 (7th Cir. 1994)(denial of intervention affirmed in part because prospective intervenor could not show that his interest was potentially impaired).

*Conclusion*

For the reasons outlined above, the Motion for Leave to Intervene (**Document #344**) is DENIED.

IT IS SO ORDERED   05/16/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Wayne O. Adams III
ICE MILLER LLP
wayne.adams@icemiller.com

Robert David Eaglesfield III
PRICE WAICUKAUSKI RILEY & DEBROTA
deaglesfield@price-law.com

Curtis W. McCauley
ICE MILLER LLP
mccauley@icemiller.com

Steven F. Pockrass
ICE MILLER LLP
pockrass@icemiller.com

Henry J. Price
PRICE WAICUKAUSKI RILEY & DEBROTA
hprice@price-law.com

William N. Riley
PRICE WAICUKAUSKI RILEY & DEBROTA
wriley@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI RILEY & DEBROTA
rwaicukauski@price-law.com