UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD DAVIDSON, WILBERT WIGGINS, GEORGE DOUGLAS, JR., CHARLES MAGEE, EUGENE SMITH, GEORGE RODGERS, and KENTON SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> CITIZENS GAS & COKE UTILITY, <br><br> Defendant. | 1:03-CV-1882-SEB-JPG |

**ENTRY ON PENDING MOTIONS TO SUBSTITUTE**

As contemplated during the recent trial proceedings in this matter, the bankruptcy trustees for the bankruptcy estates of Plaintiffs, Todd Davidson and Eugene Smith, have filed motions seeking to be joined and substituted as the real parties in interest in this litigation. Both Davidson and Smith failed to list their pending EEOC claims or potential discrimination actions as assets when they pursued their individual bankruptcies and both estates were closed prior to this action being filed. Accordingly, it is necessary and appropriate that the bankruptcy estates have been reopened and that the trustees have sought to be substituted as plaintiffs in this lawsuit.

-1-

The only distinction between the two motions before us is that Davidson and his bankruptcy estate have asked that the trustee be substituted only for purposes of pursuing Davidson's back pay claim, leaving to Davidson personally and by counsel his claim for injunctive relief and retroactive seniority. Defendant, Citizens Gas & Coke Utility, argues that the trustee of Davidson's bankruptcy estate should be substituted for purposes of pursuing all of Davidson's claims, taking issue with Davidson's reason for this bifurcation, that the injunctive relief claim and the claim for retroactive seniority have no monetary value and thus can be litigated by Davidson. Citizens rejoins noting that the plain language of the Bankruptcy Code dictates that the estate is the only entity which possesses the right to pursue any pre-petition claim:    11 U.S.C. § 541(a)(1).

Davidson cites to an unpublished decision in which, as part of its ruling denying a defendant's summary judgment motion, a district court permitted a bankruptcy trustee to be substituted as plaintiff only for that part of a Title VII claim which sought monetary damages. 2006 WL 2321114 (M.D. Fla., Aug. 9, 2006). However, there is no indication in that case that the defendant opposed the resulting joint pursuit of the Title VII claim between the bankruptcy trustee as well as the bankrupt plaintiff nor does it appear that the defendant claimed any monetary value to inhere in the equitable claims. Here, in contrast, Citizens contends that there is no basis to separate Davidson's claim into that

part having monetary value and that part without monetary value.  This is a disparate impact claim, which, if successfully pursued, would make Davidson eligible for back-pay (an equitable remedy) and job advancement potential if his seniority ranking is increased.   Such value, including potential past and future advancement opportunities, existed and was a possible form of relief available to the bankruptcy trustee when Davidson filed his bankruptcy and failed to list the claim as an asset.  The bankruptcy estate had the right to claim and pursue the full value of Davidson's cause of action in managing debtor's claims against the estate.

    We agree with Citizens that the claim has elements of value that are greater than mere monetary damages which might result from a successful prosecution.  We also agree that the claim has value with respect to any settlement and that there is no basis in the language of 11 U.S.C. § 541(a)(1) for splitting a claim based on whether a monetary award accompanies a favorable ruling on the claim.  Simply stated, Davidson's claims for back-pay, injunctive relief and retroactive seniority are intertwined to such a degree that it is impractical and unfair to separate them between him and his estate.  The trustee shall be substituted for the entirety of Davidson's claim as a Plaintiff and real party in interest.

Accordingly, the Motion to Substitute (Doc. #478) filed by Davidson and the Trustee of his bankruptcy estate is GRANTED IN PART and DENIED IN PART, in that Gregory Silver is joined as Bankruptcy Trustee and substituted for Todd Davidson as the real party in interest as to the entirety of Plaintiff's claim.  The Motion to Substitute (Doc. #479) filed by Eugene Smith and the Trustee of his bankruptcy estate is GRANTED and John J. Petr is joined as Bankruptcy Trustee and substituted in place of Eugene Smith as the real party in interest.

**IT IS SO ORDERED.**

Date: 04/09/2008

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Copies to:**
Wayne O. Adams III
ICE MILLER LLP
wayne.adams@icemiller.com

Robert David Eaglesfield III
PRICE WAICUKAUSKI & RILEY
deaglesfield@price-law.com

John J. Petr
KROGER GARDIS & REGAS LLP
jjp@kgrlaw.com

Susannah M. Pieper
ICE MILLER LLP
susannah.pieper@icemiller.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Gregory K. Silver
Indianapolis, IN 46204
gsilver@rubin-levin.net

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com