UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILBERT WIGGINS, et. al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| *vs.* ) | CAUSE NO. 1:03-cv-1882-SEB-JMS |
| ) | |
| CITIZENS GAS & COKE UTILITY, ) | |
| ) | |
| Defendant. ) | |

**ENTRY AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT AND MOTION FOR ORAL ARGUMENT**
(Docket Nos. 489 & 492)

On July 1, 2002, Todd Davidson filed a charge with the Equal Employment Opportunity Commission alleging that his employer, Defendant Citizens Gas & Coke Utility, discriminated against him because of his race through its use of a "baseline test" for determining higher paying or more desirable job classifications or transfers.[1] Approximately two months later, he filed, by counsel, a petition for Chapter 7 bankruptcy protection and, a little over a month later, the Trustee reported no receipt or distribution of assets. The Bankruptcy Court granted Mr. Davidson a discharge of his debts on January 28, 2003, and his bankruptcy case was closed on February 24, 2003.

On December 5, 2005, Mr. Davidson joined the other plaintiffs to file the present suit against Citizens Gas. On December 23, 2005, in response to Citizen Gas's interrogatory, Mr. Davidson denied filing a personal bankruptcy after June 12, 2002. This was false, as he had filed his Chapter

---

[1] Although the record does not so state, we assume that Mr. Davidson received his right-to-sue letter from the EEOC within ninety days of filing.

1

7 petition on September 25, 2002. Over five years later, on November 20, 2007, with trial only seven days away, Citizens Gas filed a "Notice of Post-charge Bankruptcy Filings" (doc. 457), that notified the Court that Citizen's Gas had discovered two days previously that Mr. Davidson had, in fact, filed a bankruptcy petition since June 2002 and that he had failed to disclose therein his claims against Citizens Gas. Three days later, Citizens Gas filed a motion to dismiss Mr. Davidson's claims. The Court heard argument on November 26, 2007, the first day of trial, and ordered Mr. Davidson's case bifurcated from the other plaintiffs' cases, to be tried later, after notice to the Bankruptcy Trustee. (Doc. 465).

Mr. Davidson then successfully moved the Bankruptcy Court to reopen his case in order to declare his claims against Citizens Gas. On January 3, 2008, the Bankruptcy Trustee moved in this case to be substituted as real party in interest for only Mr. Davidson's claims for monetary relief. The Court granted the request in part, substituting the Trustee as real party in interest for the entirety of Mr. Davidson's claims, for monetary and non-monetary relief.$^2$ (Doc. 487).

In its present motion, Citizens Gas contends that the doctrine of judicial estoppel requires that the Trustee's claims be dismissed in their entirety or that any monetary recovery be capped at the amount of all valid and allowed claims in Mr. Davidson's bankruptcy proceeding (including interest and the Trustee's allowed fees and costs incurred in the bankruptcy case).

Judicial estoppel is an equitable doctrine that serves to protect the integrity of the judicial process. It prevents a party from obtaining a benefit on one ground in a case and then taking a contrary position on that ground in a different case in order to obtain a second benefit. In effect, it

---

$^2$ In addition to back pay, Mr. Davidson seeks injunctive relief, including retroactive seniority.

prevents litigants from playing "fast and loose" with the courts by changing positions when it is convenient to them. *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999) ("The purpose of judicial estoppel is 'to protect the courts from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories.'"), *cert. denied*, 529 U.S. 1082 (2000); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993); *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990). The elements for applying judicial estoppel are: "(1) 'the later position must be clearly inconsistent with the earlier position;' (2) 'the facts at issue should be the same in both cases;' and (3) 'the party to be estopped must have convinced the first court to adopt its position.'" *Hook*, 195 F.3d at 306. Judicial estoppel has been applied when a party asserts a claim which existed at the time he sought bankruptcy protection but which he did not schedule as an asset in the bankruptcy proceedings. *Biesek v. Soo Line Railroad Co.*, 440 F.3d 410 (7th Cir. 2006).

Citizens Gas argues that the Trustee for Mr. Davidson's bankruptcy estate should be judicially estopped from asserting his claims in this action because Mr. Davidson failed to list the claims as assets in his bankruptcy petition, thereby gaining the benefit of a discharge from his debts and now seeking to obtain more benefits from those same claims in this action. The Trustee responds that judicial estoppel does not apply against a Trustee who is actively pursuing a debtor's claims in the action; that any failure by Mr. Davidson to schedule his claims in the bankruptcy proceeding has now been cured by the reopening of his bankruptcy case, the amended declaration of his claims, and the Trustee's current appearance in this case; and that a hybrid estoppel — capping any monetary recovery at the amount of allowed debts — is punitive and violates the equal protection clause of the Constitution.

There is no dispute that Mr. Davidson's previous, and the Trustee's current, assertion of

claims in this case is "clearly inconsistent" with the failure to list the claims as assets in the bankruptcy proceeding. Likewise, it is clear that the facts underlying the Trustee's claims are the same in both cases. Finally, Mr. Davidson convinced the bankruptcy court to grant him a discharge based, in part, on the absence of these claims as assets. Therefore, the three elements for application of judicial estoppel are satisfied. *Hook*, 195 F.3d at 306.

The Trustee contends, however, that Mr. Davidson's failure to disclose his claims against Citizens Gas in the bankruptcy proceeding was inadvertent. He submits a declaration by Mr. Davidson that he was not aware of the requirement that he list the claims and he points to Mr. Davidson's subsequent reopening of his bankruptcy petition and scheduling of his claims as evidence of his good faith. There is no dispute that Mr. Davidson failed to disclose his claims in his initial bankruptcy schedules, his Statement of Financial Affairs, and during the Section 341 Meeting. He also falsely denied filing the bankruptcy case in response to Citizens Gas's interrogatory. Furthermore, Mr. Davidson was represented by experienced counsel in his bankruptcy case and in the present case before his substitution.

A debtor's failure to disclose claims is inadvertent only when he is either unaware of the claims or has no motive to conceal the claims. *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600-01 (5th Cir. 2005) ("To establish that her failure to disclose was inadvertent, [plaintiff] may prove either that she did not know of the inconsistent position or that she had no motive to conceal it from the court"; "[plaintiff] must show not that she was unaware that she had a duty to disclose her claims but that, at the time she filed her bankruptcy petition, she was unaware of the facts giving rise to them"); *De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286-88 (11th Cir. 2002) (while judicial estoppel applies

4

to intentional contradictions, not simple error or inadvertence, deliberate or intentional manipulation can be inferred from the record; inconsistency is inadvertent only when debtor lacks either knowledge of claims or motive for concealment); *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 418-19 (3rd Cir. 1988); *Scoggins v. Arrow Trucking Co.*, 92 F.Supp.2d 1372, 1376 (S.D. Ga. 2000); *Chandler v. Samford University*, 35 F.Supp.2d 861, 864-65 (N.D. Ala. 1999) ("the combination of a party's knowledge of the claim and motive for concealment in the face of an affirmative duty to disclose the claim provides sufficient evidence of intent to manipulate the judicial system"). *See Back v. Town of Cloverdale*, Cause No. TH 99-215-C-T/H, Entry on Motion for Relief from Judgment *etc.*, 2001 WL 987832, *3-4 (S.D. Ind., July 30, 2001) (finding debtor's failure to disclose claims deliberate where debtor was aware of claims and had a clear motive to conceal them).

There can be no doubt that Mr. Davidson was aware of his claims against Citizens Gas when he filed his petition for bankruptcy protection, having filed his EEOC charge only slightly less than three months before. Relying on Mr. Davidson's declaration, the Trustee does not contend that Mr. Davidson was unaware of his claims, only that he was unaware of the duty to disclose them. But as *Jethroe* teaches, it is not the duty of which debtors must be unaware, but the facts giving rise to their claims. That Mr. Davidson cannot assert. Again, we note that Mr. Davidson was represented by experienced bankruptcy counsel who is presumed to know the law and to have sufficiently advised his client on his duties. Mr. Davidson is bound by the actions of his counsel and by his own signatures on his bankruptcy filings. *Cannon-Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir.), *cert.*

*denied*, 127 S.Ct. 838, 166 L.Ed.2d 671 (2006);[3] *Scoggins*, 92 F.Supp.2d at 1375.

The Trustee's asserted "cure" of Mr. Davidson's failure by the reopening his bankruptcy case, filing amended disclosures, and the Trustee's appearance in this case is unavailing as well. The cases are uniform that corrective action taken only after being "caught" and compelled to do so by one's opponent is too late; it is not a defense to the application of judicial estoppel. *De Leon*, 321 F.3d at 1292 ("'Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them'" (quoting *Barnes*, 291 F.3d at 1288); *Scoggins*, 92 F.Supp.2d at 1376 ("[plaintiff] should not be permitted to duck his bankruptcy court disclosure obligation, then 'fess up' without consequence once exposed by his adversary" (footnote omitted)). *See Biesek*, 440 F.3d at 412; *Back*, 2001 WL 987832, * 3 ("The reopening of a closed bankruptcy case to disclose a claim previously known but not disclosed as an asset does not render judicial estoppel inapplicable"). Neither Mr. Davidson nor the Trustee asserts that Mr. Davidson's reopening of his bankruptcy case came only after, and as a result of, Citizen's Gas notification to the Court of the failure to disclose the claims and the Court's direction to notify the Trustee of the situation. The Trustee does not assert any independent reason motivating Mr. Davidson to file amended disclosures. Mr. Davidson did not attempt to cure his bankruptcy

---

[3] "Yet bad legal advice does not relieve the client of the consequences of her own acts. * * * [A] debtor in bankruptcy is bound by her own representations, no matter why they were made, at least until the debtor moves to amend the disclosures and pay the creditors their due . . . . * * * Whether the bankruptcy fraud was [bankruptcy attorney's] suggestion, some other lawyer's, or [plaintiff's] own bright idea does not matter in the end.  The signature on the bankruptcy schedule is hers.  The representation she made is false; she obtained the benefit of a discharge; she has never tried to make the creditors whole; now she wants to contradict herself in order to win a second case.  Judicial estoppel blocks any attempt to realize on this claim for her personal benefit." *Cannon-Stokes*, 453 F.3d at 449.

deficiency until over four years after he received his discharge and filed this suit.

Mr. Davidson had a motive to conceal his claims: in order to obtain a discharge of his debts from the bankruptcy court. His failure to disclose them in his bankruptcy proceedings cannot be seen as inadvertent. His false response in answer to an interrogatory denying his filing of a personal bankruptcy after June 12, 2002, in the instant litigation reinforces our finding of a motive, as well as an effort, to conseal.

Therefore, the application of judicial estoppel is warranted in this case.[4] Citizens Gas asks for alternate effects: either dismissal of the Trustee's claims in their entirety or capping of any monetary recovery. While the doctrine of judicial estoppel protects the principle of judicial integrity and can, in certain circumstances, outweigh the interests of recoveries for creditors and prevention of windfalls for defendants, *Back*, 2001 WL 987832, *4, we are mindful of the Court of Appeals's instructions to not unduly punish creditors if effective alternative sanctions are available:

> Judges understandably favor rules that encourage full disclosure in bankruptcy. Yet pursuing that end by applying judicial estoppel to debtors' self-contradiction would have adverse effects on third parties: the creditors. Biesek's nondisclosure in bankruptcy harmed his creditors by hiding assets from them. Using this same nondisclosure to wipe out his FELA claim would complete the job by

---

[4] The Trustee's argument that he should not be judicially estopped because it was not he, but Mr. Davidson, who failed to declare the claims in the bankruptcy proceeding is unpersuasive. The Trustee only stands in the place of Mr. Davidson in this case because of his bankruptcy proceeding and the enforcement of judicial estoppel against litigants playing fast and loose with the courts will not be evaded by such a technicality. The application of judicial estoppel in this case is directed against Mr. Davidson's pre-suit conduct and his conduct in this case before substitution and is not an impugnment of the Trustee's conduct in this case.

The Trustee's argument, based on *In re Phelps*, 329 B.R. 904 (Bkrtcy M.D. Geo. 2005), that application of judicial estoppel would violate the Equal Protection Clause of the United States Constitution is rejected. As a bankruptcy court decision, from another Circuit, it is not controlling. In addition, its novel reasoning has not been adopted or expressed by any other decision cited to us and we find it unpersuasive.

> denying creditors even the right to seek some share of the recovery. Yet the creditors have not contradicted themselves in court. They were not aware of what Biesek has been doing behind their backs. Creditors gypped by Biesek's maneuver are hurt a second time by the district judge's decision. Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application. . . .
>
> Decisions that have relied on judicial estoppel assume that the tort claim belongs to the debtor. Only then is one person on both sides of the same issue. Yet why would Biesek own this chose in action? Pre-bankruptcy claims are part of debtors' estates; this FELA claim therefore belongs to the Trustee, for the benefit of Biesek's creditors.

*Biesek*, 440 F.3d at 413. *Cannon-Stokes*, 453 F.3d at 448 ("bankruptcy fraud designed to hide an asset from creditors does not prevent the creditors themselves from realizing on the claim after its discovery. * * * Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of debtors' deceit. Moreover, as a technical matter the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied."). *See*, *Hammes v. Brumley*, 659 N.E.2d 1021, 1030 (Ind. 1995).

Because Mr. Davidson would receive any surplus monetary recovery beyond the creditors' claims, interest, and Trustee's fees that are allowed in his bankruptcy case, we conclude that the Trustee is judicially estopped from receiving any monetary recovery in this case beyond those amounts. The principles of judicial integrity and protection of future litigants and creditors which the doctrine of judicial estoppel serves requires that Mr. Davidson personally not receive, directly or indirectly, any monetary benefit as a result of the claims asserted on behalf of his bankruptcy estate in this case, including any part of compensatory or punitive damages. The Trustee's claims for injunctive relief are not affected by this ruling.

Defendant's **Motion for Summary Judgment (doc. no. 489)** is **GRANTED IN PART** as

set forth herein:  Plaintiff Gregory Silver, Trustee of the Bankruptcy Estate of Todd Davidson, is estopped from receiving a monetary recovery in this case that exceeds the amounts allowed by the Bankruptcy Court in Mr. Davidson's bankruptcy case for (1) creditors' claims, (2) interest thereon, and (3) fees for the Trustee incurred in the Bankruptcy Court.  Defendant's **Motion for Oral Argument** (doc. no. 492) is **DENIED**.

In light of this ruling, the October 14, 2008, trial date is **VACATED**.  This cause is referred to the Magistrate Judge for a settlement conference.

Date:  10/07/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Wayne O. Adams III
ICE MILLER LLP
wayne.adams@icemiller.com

Robert David Eaglesfield III
PRICE WAICUKAUSKI & RILEY
deaglesfield@price-law.com

John J. Petr
KROGER GARDIS & REGAS LLP
jjp@kgrlaw.com

Susannah M. Pieper
ICE MILLER LLP
susannah.pieper@icemiller.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com